UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:13-CR-00079 |
| | ) | Chief Judge Haynes |
| JENNY HALL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF FORFEITURE CONSISTING OF
## $13,095 UNITED STATES CURRENCY MONEY JUDGMENT
## AND AMENDMENT OF JUDGMENT IN A CRIMINAL CASE

WHEREAS, based on the representations and agreements of the Government and Defendant Jenny Hall ("Hall") at the plea hearing in this matter including the statement of facts, other evidence presented during the course of this lawsuit and the Plea Agreement entered into between the parties, the Court finds as follows:

1.      May 7, 2013, the Government filed an Information charging Defendant Hall with violations of 18 U.S.C. § 1347 (health care fraud);

2.      The forfeiture allegation of the Information gave notice pursuant to 18 U.S.C. § 982(a)(7) that upon conviction of the health care fraud offense alleged in Counts One, Defendant Hall shall forfeit any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violations set forth in Count One. The property to be forfeited included but was not limited to a money judgment of at least $13,095 United States currency which represented gross profits or other proceeds of the health care fraud offense alleged in Count One;

3. The forfeiture allegation of the Information also gave notice to Defendant Hall that in the event the $13,095 United States currency in proceeds, as a result of any act or omission of JENNY HALL:

      a.    cannot be located upon the exercise of due diligence;
      b.    has been transferred or sold to, or deposited with, a third party;
      c.    has been placed beyond the jurisdiction of the court;
      d.    has been substantially diminished in value; or
      e.    has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of Defendant JENNY HALL up to $13,095;

4. Defendant Hall has entered into a Plea Agreement with the United States wherein she has pled guilty to Count One of the Information;

5. Defendant Hall acknowledged in her Plea Agreement that $13,095 United States currency is subject to forfeiture because these funds constitute or are derived, directly or indirectly, from gross proceeds traceable to health care fraud as charged in Count One of the Information, and consented to the entry of a money judgment prior to sentencing in the amount of $13,095 United States currency;

6. As a result of Defendant Hall's criminal behavior, the $13,095 in proceeds obtained as a result of the scheme to defraud as alleged in Count One of the Information, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), the United States is entitled to forfeiture of substitute property;

2

7.    There is a preponderance of the evidence that the proceeds of the scheme to defraud as set forth in the offenses to which Defendant Hall has pled guilty in this matter total $13,095 United States currency, and more specifically that $13,095 United States currency, representing the amount of proceeds obtained as a result of the offenses of health care fraud alleged in Count One is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7); and

8.    As a result of Defendant Hall's criminal behavior, the $13,095 in United States currency obtained as a result of the scheme or artifice to defraud to which Defendant Hall has pled guilty, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), the United States is entitled to forfeiture of substitute property up to $13,095.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A.    An Order of Forfeiture Consisting of United States currency Money Judgment in the amount of $13,095 ("Order of Forfeiture") is hereby taken against Defendant Hall as to Count One. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of Money Judgments shall become immediately final as to the defendant, by her consent, and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B.    It is Ordered that the United States may engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a

3

debt to identify additional substitute assets having a value up to $13,095 United States currency as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.*

C.      It is Ordered that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of $13,095 United States currency Money Judgments as to Count One to include substitute property having a value not to exceed in total $13,095 United States currency to satisfy the Money Judgment in whole or in part.

D.      Upon payment of either Money Judgment in full, the United States shall file a satisfaction of judgment with the District Court and the appropriate clerk of the county in which any transcript or abstract of the judgment has been filed.

E.      Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant Hall shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $13,095 United States currency plus statutory interest is made in full as to the money judgment.

F.      The Judgment in a Criminal Case at Docket Entry 28 is hereby amended to reference the "Order of Forfeiture Consisting of $13,095 United States Currency Money Judgment" entered on this date.

G.      The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this _12th_ day of _November_ 2013.

WILLIAM J. HAYNES, JR.
Chief United States District Judge

4